UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHANIE ANN TRICE, | No. 2:13-cv-0319 DAD |
| Plaintiff, | |
| v. | ORDER |
| CAROLYN W. COLVIN, Commissioner of Social Security, | |
| Defendant. | |

Plaintiff brought this action seeking judicial review of a final administrative decision denying her application for disability benefits under Title II and Title XVI of the Social Security Act. By order filed April 18, 2013, this case was remanded to the Commissioner for further proceedings pursuant to the parties' stipulation. (Dkt. No. 25.) On July 25, 214, counsel for plaintiff filed a motion for an award of attorney's fees pursuant to 42 U.S.C. § 406(b). (Dkt. No. 30.)

At the outset of the representation, plaintiff and her counsel entered into a contingent-fee agreement which provided that plaintiff's counsel should receive 25% of any retroactive disability benefit. (Ex. 1 (Dkt. No. 30-1) at 1.[1]) Pursuant to that agreement plaintiff's counsel

---

[1] Page number citations such as this one are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

1

1  now seeks attorney fees in the amount of $10,000, which represents only 14% of the retroactive
2  disability benefits received by plaintiff on remand, for approximately 11.3 hours of attorney time
3  expended on this matter.  Defendant filed a response on August 7, 2014, (Dkt. No. 32), which
4  addresses the applicable factors relating to counsel's fee request but takes no position on the
5  reasonableness of the requested fee.  On August 14, 2014, plaintiff's counsel filed a statement
6  written by plaintiff in which she argues that her counsel should only receive $6,000 in attorney
7  fees for services rendered in this matter.  (Dkt. No. 35-1.)

8        Attorneys are entitled to fees for cases in which they have successfully represented social
9  security claimants.

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may . . . certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits.

15  42 U.S.C. § 406(b)(1)(A).  "In contrast to fees awarded under fee-shifting provisions such as 42
16  U.S.C. § 1988, the fee is paid by the claimant out of the past-due benefits awarded; the losing
17  party is not responsible for payment."  Crawford v. Astrue, 586 F.3d 1142, 1147 (9th Cir. 2009)
18  (en banc) (citing Gisbrecht v. Barnhart, 535 U.S. 789, 802 (2002)).  Although an attorney fee
19  award pursuant to 42 U.S.C. § 406(b) is not paid by the government, the Commissioner has
20  standing to challenge the award.  Craig v. Sec'y Dep't of Health & Human Servs., 864 F.2d 324,
21  328 (4th Cir. 1989).  The goal of fee awards under § 406(b) is to provide adequate incentive to
22  attorneys for representing claimants while ensuring that the usually meager disability benefits
23  received are not greatly depleted.  Cotter v. Bowen, 879 F.2d 359, 365 (8th Cir. 1989).

24        The 25% statutory maximum fee is not an automatic entitlement, and the court must
25  ensure that the fee actually requested is reasonable.  Gisbrecht, 535 U.S. at 808-09 ("[Section]
26  406(b) does not displace contingent-fee agreements within the statutory ceiling; instead, § 406(b)
27  instructs courts to review for reasonableness fees yielded by those agreements.").  "Within the 25
28  percent boundary . . . the attorney for the successful claimant must show that the fee sought is

1 reasonable for the services rendered." Id. at 807.  "[A] district court charged with determining a
2 reasonable fee award under § 406(b)(1)(A) must respect 'the primacy of lawful attorney-client fee
3 arrangements,' 'looking first to the contingent-fee agreement, then testing it for reasonableness.'"
4 Crawford, 586 F.3d at 1149 (quoting Gisbrecht, 535 U.S. at 793 & 808).  The Supreme Court has
5 identified five factors that may be considered in determining whether a fee award under a
6 contingent-fee arrangement is unreasonable and therefore subject to reduction by the court:  (1)
7 the character of the representation; (2) the results achieved by the representative; (3) whether the
8 attorney engaged in dilatory conduct in order to increase the accrued amount of past-due benefits;
9 (4) whether the benefits are large in comparison to the amount of time counsel spent on the case;
10 and (5) the attorney's record of hours worked and counsel's regular hourly billing charge for
11 noncontingent cases.  Crawford, 586 F.3d at 1151-52 (citing Gisbrecht, 535 U.S. at 808).  Below
12 the court will consider these factors, and plaintiff's own opposition to her attorney's fee motion,
13 in assessing whether the fee requested by counsel in this case pursuant to 42 U.S.C. § 406(b) is
14 reasonable.

15 Plaintiff opposes an award of $10,000 to her counsel for three reasons.  First, plaintiff
16 notes that counsel filed this action in the Fresno division of this court, which was improper and
17 required an intra-district transfer.  Plaintiff argues that her counsel's initial filing of the complaint
18 in the wrong venue caused "unnecessary delays."  (Dkt. No. 35-1 at 3.)  Second, plaintiff argues
19 that her counsel took time off on two occasions to take the Nevada State Bar Exam, causing
20 further delay.  (Dkt. No. 35-1 at 3.)  Finally, plaintiff notes that the ALJ in her case denied
21 counsel's request for a $17,000 fee award because "the fee is more than the lesser of 25 percent of
22 the past-due benefits or $6,000."  (Id.)  None of plaintiff's objections cause the court to question
23 the amount sought by her counsel in his motion for an award of attorney's fees pursuant to 42
24 U.S.C. § 406(b).

25 Plaintiff is correct that her counsel filed the complaint in this action in the wrong division
26 of the court.  However, the intra-district transfer was a simple administrative process and resulted
27 /////
28 /////

in no delay once the matter was transferred to this court.[2]  Although plaintiff complains that her attorney twice took time off work to prepare for the Nevada State Bar Exam, the court's docket reflects that there was no resulting delay in the prosecution of this action.  Rather, because plaintiff's counsel was able to obtain a stipulated remand, this matter was resolved quicker than many social security actions which come before this court.

Finally, the fact that the ALJ purportedly rejected counsel's fee award request because it exceeded $6,000 is not relevant to resolution of the motion before the court.  As the Supreme Court has observed:

> Fees for representation of individuals claiming Social Security old-age, survivor, or disability benefits, both at the administrative level and in court, are governed by prescriptions Congress originated in 1965.  Social Security Amendments of 1965, 79 Stat. 403, as amended, 42 U.S.C. § 406.  The statute deals with the administrative and judicial review stages discretely:  § 406(a) governs fees for representation in administrative proceedings; § 406(b) controls fees for representation in court.

Gisbrecht, 535 U.S. at 793-94.  See also Clark v. Astrue, 529 F.3d 1211, 1214 (9th Cir. 2008).  Here, the attorney fee request made to the ALJ was brought pursuant to § 406(a)(2)(A), which limits the Commissioner's authority to award attorney fees for counsel's representation during the administrative proceedings to the lesser of "25 percent of the total amount of such past-due benefits" or "$4,000."  42 U.S.C. § 406(a)(2)(A)(ii).  In contrast, by statute the award of attorney fees for representation before the court has no dollar number maximum but is instead limited only to be "not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment[.]"  42 U.S.C. § 406(b)(1)(A).[3]

Having reviewed plaintiff's own opposition to the pending motion and the record in this action, the court finds that no reduction from the fee award sought by counsel is warranted.  There is no indication of a substandard performance by counsel.  Rather, counsel is an experienced

---

[2] In fact, the complaint was filed, screened, served and defendant appeared, all prior to the intra-district transfer.

[3] The Ninth Circuit has held that, "42 U.S.C. § 406(b) limits only the amount of attorney's fees awarded under § 406(b), not the combined fees awarded under § 406(a) and § 406(b), to 25% of the claimant's past-due benefits."  Clark, 529 F.3d at 1218.

4

attorney who secured a successful result for plaintiff.  There is also no evidence that plaintiff's counsel engaged in any dilatory conduct resulting in excessive delay in resolution of this action.  The court finds that the $10,000 fee, which represents 14% of the past-due benefits paid to plaintiff (see Ex. 3 (Dkt. No. 30-3) at 2-4)  as opposed to the statutory maximum of 25%, is not excessive in relation to the benefits awarded.  See Crawford, 586 F.3d at 1145-48, 1152 (concluding that awards of $21,000 – 16.95% of past-due benefits awarded, $11,500 – 15.12% of past-due benefits awarded, and $24,000 – 13.94% of past-due benefits awarded should have been made under § 406(b).  In making this determination, the court recognizes the contingent fee nature of this case and counsel's assumption of the risk of going uncompensated in agreeing to represent plaintiff on such terms.  See Hearn v. Barnhart, 262 F. Supp.2d 1033, 1037 (N.D. Cal. 2003).  Finally, counsel has submitted a detailed billing statement in support of the requested fee and the court finds the number of hours expended by counsel to be reasonable as is the resulting hourly rate.  See Crawford, 586 F.3d at 1152 (fee award amount resulting in a fee of $875 and $902 per hour, for time of both attorneys and paralegals).

Accordingly, for the reasons stated above, the court concludes that the fees sought by counsel pursuant to § 406(b) are reasonable.  See generally Crawford, 586 F.3d at 1145-48, 1152; Azevedo v. Commissioner of Social Security, No. 1:11-cv-1341 AWI SAB, 2013 WL 6086666, at *2 (E.D. Cal. Nov. 19, 2013) (granting petition pursuant to 406(b) for $17,893.75 in attorney's fees which was the maximum 25% of the past-due benefits awarded); Coulter v. Commissioner of Social Security, No. 1:10-cv-1937 AWI JLT, 2013 WL 5969674, at *2 (E.D. Cal. Nov. 8, 2013) (recommending award of $15,084.23 in attorney's fees pursuant to 406(b)); Taylor v. Astrue, No. 1:06-cv-00957-SMS, 2011 WL 836740, at *2 (E.D. Cal. Mar. 4, 2011) (granting petition pursuant to 406(b) for $20,960 in attorneys' fees which was the maximum 25% of the past-due benefits awarded); Jamieson v. Astrue, No. 1:09cv0490 LJO DLB, 2011 WL 587096, at *2 (E.D. Cal. Feb. 9, 2011) (recommending award of $34,500 in attorney fees pursuant to 406(b) which was 16.82% of the past-due benefits awarded).

An award of § 406(b) fees is, however, offset by any prior award of attorney's fees granted under the Equal Access to Justice Act ("EAJA").  28 U.S.C. § 2412; Gisbrecht, 535 U.S.

5

at 796.  Here, plaintiff's counsel was previously awarded $1,885.14 in EAJA fees (see Dkt. No. 28) and the award under § 406(b) must be offset by that amount.

   Accordingly, IT IS HEREBY ORDERED that:

    1. Plaintiff's motion for attorney fees (Dkt. No. 30) under 42 U.S.C. § 406(b) is granted;

    2. Counsel for plaintiff is awarded $10,000 in attorney fees under 42 U.S.C. § 406(b).  The Commissioner is directed to pay the fee forthwith and remit to plaintiff the remainder of her withheld benefits; and

    3. Upon receipt of the $10,000 in attorney fees pursuant to § 406(b), counsel shall reimburse plaintiff in the amount of $1,885.14 previously paid by the government under the EAJA.

Dated:  November 24, 2014

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:6
Ddad1/orders.soc sec/trice0319.attyfees.406(b).ord.docx

6